# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

FILED
U.S. DISTRICT COURT
2007 JUN 26 P 3:50
CLERK
SO. DIST. OF GA.

| | | |
|---|---|---|
| VERONICA JACKSON, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| JEAN COUTU GROUP (PJC) USA, INC. d/b/a ECKERD'S DRUGS, | : | |
| Defendant. | : | NO. CV206-194 |

## ORDER

Plaintiff, Veronica Jackson, filed this action against Defendant, Jean Coutu Group (PJC) USA, Inc. d/b/a Eckerd's Drugs, ("Eckerd"), seeking overtime pay pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq. Presently before the Court is Eckerd's motion for summary judgment. For the following reasons, Defendant's motion will be **GRANTED IN PART and DENIED IN PART**.

## FACTS

Jackson is currently employed by Eckerd as the store manager of Store 2341.[1] She began her employment with Eckerd

---

[1] While Jackson remains an Eckerd employee, she has been unable to work since on or about November 6, 2005, due to a work related injury. (See Def.'s Ex. A, Bruce Norton Aff. ¶ 4; Jackson Dep. 21.)

AO 72A
(Rev. 8/82)

in 1996 as a front-end associate. (Jackson Dep. 7.) From February 6, 2005, through May 29, 2005, Jackson was an hourly paid assistant manager. (See Norton Aff. ¶ 3; Jackson Dep. 40-41.) On May 25, 2005, Plaintiff was offered and accepted the position of store manager. (Norton Aff. ¶ 4.) As store manager, Jackson was paid a weekly salary of $670[2] and was eligible for bonuses based on store and her personal management performance. (Norton Aff. ¶ 10; Jackson Dep. 41, 45.) Jackson, the only salaried employee, reported to the district manager. (Jackson Dep. 115-16.)

As store manager, Jackson performed both managerial and non-managerial duties. Jackson's managerial duties included: interviewing and hiring hourly associates; ensuring new associates received necessary training; conducting periodic performance reviews and determining whether raises were warranted; planning and directing how work was to be performed; issuing oral and written reprimands to employees; preparing the work schedule for front end employees; controlling merchandise; resolving vendor discrepancies, ensuring customer satisfaction; reconciling and reporting payroll; and improving sales and

---

[2] Increased to $688.29 per week on August 7, 2005. (Norton Aff. ¶ 10.)

2

controllable profits. (Jackson Aff. attached to Br. in Opp'n ¶ 6.) Jackson's non-managerial duties included functioning as a clerk, operating a cash register, putting up stock and cleaning. (Jackson Aff. ¶ 2.)

Jackson filed this action on August 31, 2006, alleging that Eckerd required her to work more than 40 hours per week without overtime compensation in willful violation of the FLSA. In the instant motion for summary judgment, Eckerd asserts that Jackson, as store manager, is an executive and, therefore, exempt from the FLSA overtime provisions pursuant to 29 U.S.C. § 213(a)(1).

Oral argument was heard on Eckerd's motion for summary judgment on May 1, 2007. During argument, Plaintiff's counsel indicated that, in addition to seeking overtime pay for hours worked during the period of time Jackson was employed as store manager of Store 2341, she was also seeking overtime pay allegedly owed for work performed when she was employed as an hourly paid assistant manager. Because Defendant's counsel indicated that it's understanding was that Jackson's claim for overtime compensation was limited to the period of time she was employed as store manager, the Court directed the record to

3

remain open for ten (10) days to afford the parties an opportunity to supplement the record on this issue.

**DISCUSSION**

I. **Summary Judgment Standard**

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the non-movant, <u>Adickes v. S.H. Kress and Co.</u>, 398 U.S. 144, 158-159, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), but the inferences at the very least must be plausible. <u>Mize v. Jefferson City Bd. of Educ.</u>, 93 F.3d 739, 743 (11th Cir. 1996). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-movant, who "may not rest upon the mere allegations or denials in its pleadings. Rather, its responses . . . must set forth specific facts showing that there is a genuine issue for

AO 72A
(Rev. 8/82)

trial." Walker v. Darby, 911 F.2d 1573, 1576-77 (11th Cir. 1990).

## II. Scope of Plaintiff's Claims

In its supplemental brief, Defendant requests the Court limit Plaintiff's FLSA overtime claim to the period of time Plaintiff was employed as a salaried store manager from May 29, 2005, to November 6, 2005. Defendant contends that the parties have presented and defended this action based on whether Plaintiff fell under the executive exemption which is inapplicable to any claim for overtime compensation allegedly earned while Plaintiff was employed as an hourly paid assistant manager from February 6, 2005, to May 28, 2005. Defendant relies on its contentions that: Plaintiff's 30(b)(6) deposition notice was limited to Plaintiff's duties performed and hours worked during the period of time she was manager of Store 2341; Plaintiff's deposition testimony focused almost exclusively on her position as store manager, including testimony that her claim in the lawsuit was that she was entitled to overtime pay for the period of time she was store manager; and Plaintiff's omission in the Rule 26 initial disclosures of the manner in which to compute overtime compensation allegedly earned as an

5

AO 72A
(Rev. 8/82)

hourly paid assistant manager. The Court finds the foregoing insufficient to warrant the requested relief.

Throughout the litigation process, Plaintiff has alleged that she was not paid overtime compensation which she was entitled while employed as an assistant manager at Store 2341. In her complaint, Plaintiff alleges that she worked a substantial amount of overtime and was not properly compensated. (Compl. ¶ 5.) During Plaintiff's deposition, defense counsel questioned her extensively as to whether she was paid overtime compensation for work performed at Store 439 while employed in the position of assistant manager at Store 2341. (See Pl.'s Dep. 122-130.) In her opposition to Defendant's summary judgment motion, Plaintiff again asserts that she was not compensated for overtime work performed while employed as assistant manager at Store 2341. (Doc. No. 19 at 2.) Upon review of the record, the Court concludes that Plaintiff has sufficiently asserted claims for overtime compensation during her employment both as assistant manager and as store manager.

AO 72A
(Rev. 8/82)

III.     **Executive Exemption**

Defendant argues that Plaintiff was exempt from the FLSA's overtime compensation requirements during the period of time she was employed as store manager. Under the FLSA, an employer must pay an employee overtime compensation unless that employee can be categorized as an "employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). The employer carries the burden of proving applicability of the overtime pay exemption, and the overtime provisions are narrowly construed against the employer. Hogan v. Allstate Ins. Co., 361 F.3d 621, 625 (11th Cir. 2004) (citing Atlanta Prof'l Firefighters Union, Local 134 v. City of Atlanta, 920 F.2d 800, 804 (11th Cir. 1991)).

The task of defining "executive, administrative, or professional capacity" is delegated to the Secretary of Labor ("Secretary"). See 29 U.S.C. § 213(a)(1). In August 2004, the Secretary revised the Department of Labor ("DOL") regulations defining the terms for the first time since 1974. As a general matter, the new regulations preserve the case law that existed prior to that date by consolidating "the former regulations and interpretations into a unified set of rules and . . . provid[ing] needed simplification and more clarity to a complex

7

regulation." See 69 FR 22122-01, 22127 (codified at 29 C.F.R. Pt. 541).

In order to meet the executive exemption under the new regulations, an employee must: (1) receive compensation on a salary basis at a rate of at least $455 per week; (2) manage the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof as her primary duty; (3) customarily and regularly direct the work of two or more other full-time employees; and (4) have the authority to hire or fire other employees or have particular weight given to their suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees. 29 C.F.R. § 541.100. The Court need not address the first requirement as it is undisputed that Plaintiff's salary as store manager was greater than $455 per week. (Jackson Dep. 41.)

### A. Primary Duty

Under the regulations, "management" includes activities such as: interviewing, selecting and training employees, adjusting their hours of work, directing their work; maintaining production or sales records to use in supervision

or control; appraising their work for the purpose of recommending promotions or other change in status; planning the work; handling employee complaints and grievances; apportioning work among employees, and providing for the safety of the employees and property. 29 C.F.R. § 541.102. The determination of whether an employee has management as his primary duty must be based on all the facts in a particular case. 29 C.F.R. § 541.700(a).

Though a useful guide, the amount of time spent on managerial duties is only one factor to consider in identifying an employee's primary duty for purposes of determining whether the employee is subject to the FLSA's executive exemption from overtime pay requirements. Ferrell v. Gwinnett County Bd. of Educ., 481 F. Supp.2d 1338, 1344 (N.D. Ga. 2007). Generally, primary duty means that the employee is performing managerial duties during a major part, or over 50 percent, of the employee's time. Jackson v. Advance Auto parts, Inc., 362 F. Supp.2d 1323, 1333 (N.D. Ga. 2005). "Time alone, however, is not the sole test, and nothing in this section requires that exempt employees spend more than 50 percent of their time performing exempt work. Employees who do not spend more than 50 percent of their time performing exempt duties may

9

nonetheless meet the primary duty requirement if the other factors support such a conclusion." 29 C.F.R. § 541.700(b). Factors to be considered,

> include, but are not limited to, the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.

29 C.F.R. § 541.700(a).

In the current regulations, the DOL has included analysis of "Concurrent Duties" to address the special circumstances of working supervisors. 29 C.F.R. § 541.106. As the previous "working foreman," this section provides that an employee does not lose her exempt status merely because she performs exempt and non-exempt work at the same time. In order to retain the exemption, however, management must be the primary duty. Whether an employee retains her exempt status when the employee performs concurrent duties is determined on a case-by-case basis and based on the factors set forth above. 29 C.F.R. § 541.106(a). "Generally, exempt executives make the decision regarding when to perform nonexempt duties and remain responsible for the success or failure of business operations

under their management while performing the nonexempt work. In contrast, the nonexempt employee generally is directed by a supervisor to perform the exempt work or performs the exempt work for defined time periods." Id.

Applying the factors referenced above to the facts of the instant case, the Court finds that Plaintiff's primary duty was management. Plaintiff's own testimony reveals that she had significant managerial duties. Plaintiff's managerial duties included: interviewing and hiring hourly associates; ensuring new associates received necessary training; conducting periodic performance reviews and determining whether raises were warranted; planning and directing how work was to be performed; issuing oral and written reprimands to employees; preparing the work schedule for front end employees; controlling merchandise; resolving vendor discrepancies, ensuring customer satisfaction; reconciling and reporting payroll; and improving sales and controllable profits. (Jackson Aff. ¶ 6.) Jackson's nonmanagerial duties included functioning as a clerk, operating a cash register, putting up stock and cleaning. (Jackson Aff. ¶ 2.) Clearly, Plaintiff's managerial duties were indispensable for the day to day operations of Store 2341 and, accordingly, outweigh her nonmanagerial duties.

11

As to whether Plaintiff frequently exercised discretion with relative freedom from direct supervision, Jackson's own testimony provides examples of such circumstances. For example, Plaintiff utilized her discretion in interviewing and hiring hourly associates, conducting periodic performance reviews and determining whether raises were warranted; planning and directing how work was to be performed; and issuing oral and written reprimands to employees. (Id.) It is clear that Plaintiff was relatively free from direct supervision as her direct supervisor, the district manager, oversaw twenty-two (22) stores in his district, spoke with Jackson on the phone one to three times a week, and visited the store approximately once every three weeks for two to three hours. (Norton Aff. ¶ 8-9; see also Jackson Dep. 9-10.) The fourth factor requires an assessment as to the relationship between Plaintiff's salary and the wages paid to other employees who performed nonexempt work. Although Plaintiff concedes she received a raise from her salary as assistant manager when she accepted the store manager position, there is no evidence on the specific question as to how much subordinated employees earned. (See Jackson Dep. 20-21.) It appears likely, however, that Plaintiff's $670 weekly salary as store manager was

12

significantly higher than that earned by hourly associates performing comparable non-managerial duties. Furthermore, as store manager, Plaintiff was eligible for performance based bonuses. (Jackson Dep. 41, 45.) Nevertheless, the Court must make its decision based on all the facts in a particular case and the presence or absence of one factor is not determinative. Thomas v. Jones Rests., Inc., 64 F. Supp.2d 1205, 1214 (M.D. Ala. 1999).

Plaintiff argues that despite her title of store manager, management was not her primary duty because she performed non-exempt duties substantially the same as those performed by the hourly employees 95 percent of the time, her discretion was strictly limited by corporate policies, and she was closely supervised by the district manager. Courts have routinely rejected these arguments. Posely v. Eckerd Corp., 433 F. Supp.2d 1287, 1302 (S.D. Fla. 2006); see Donovan v. Burger King (I), 672 F.2d 221 (1st Cir. 1982) (assistant manager exempt despite discretion strictly circumscribed by corporate policy); Donovan v. Burger King (II), 675 F.2d 516 (2nd Cir. 1982) (assistant manager exempt notwithstanding need to follow corporate policy and limited discretion); Murray v. Stuckey's, 939 F.2d 614 (8th Cir. 1991), cert. denied, 502 U.S. 1073, 112

AO 72A
(Rev. 8/82)

S.Ct. 970, 117 L. Ed.2d 135 (1992) (irrelevant whether manager delegated managerial duties or whether subordinates were capable of performing such duties); Baldwin v. Trailer Inns, Inc., 266 F.3d 1104 (9th Cir. 2001) (managers responsible for "making the relatively important day-to-day decisions of the facility and providing for the safety of those in the property" had management as their most important duty despite claim of spending 90 percent of their time performing non-exempt tasks); Moore v. Tractor Supply Co., 352 F. Supp.2d 1268 (S.D. Fla. 2004), aff'd, 140 Fed. Appx. 168 (11th Cir. 2005) (manager's primary duty was management even if 95 percent of time performed non-exempt tasks, and worked under close supervision of district manager). The Court concludes that Plaintiff's principal value to Defendant was directing the day to day operations of Store 2341 and, therefore, a reasonable jury could not find that Jackson's primary duty was not management.

### B. Customarily and Regularly Direct Other Employees

To qualify for the FLSA's executive exemption, employees must customarily and regularly direct the work of two or more other employees. 29 U.S.C. § 541.100(a)(1). The regulations define "customarily and regularly" as "a frequency that must

14

be greater than occasional but which, of course, may be less than constant." 29 C.F.R. § 541.701. The employee satisfies the second component, "two or more employees," if he supervises two full-time employees or their equivalent." 29 C.F.R. § 541.104(a). Furthermore, the executive employee does not actually have to be present on the premises during all of those hours to be considered a "supervising" employee. See Sturm v. TOC Retail, Inc., 864 F.Supp. 1346, 1354-55 (M.D. Ga. 1994) ("Supervision is ensuring that company policies are carried out. One need not be present for this to occur.") (punctuation and citation omitted); Haines v. S. Retailers, 939 F.Supp. 441, 446 (E.D. Va. 1996).

The record clearly demonstrates that Plaintiff regularly and customarily directed the work of two or more other employees. Defendant has submitted an employee summary showing that during the time Plaintiff was store manager, 5-10 other employees worked at Store 2341 for a total of 117.30 to 248.10 hours per week, well within the 80 hours required for exempt status. (See Norton Aff. Ex. 2.) Plaintiff's testimony that the hours she was reported to have worked are inaccurate and that Trenton Lawrence never worked at Store 2341 does not alter this conclusion. (See Pl.'s Aff. ¶ 5.) The Court did not

15

include the hours Plaintiff reportedly worked at Store 2341 in computing the total hours worked and Trenton Lawrence was only reported as working at Store 2341 for one week for a total of 46.60 hours. Furthermore, even were the Court to discount Defendant's summary of hours, Plaintiff's own testimony supports the Court's conclusion that she regularly and customarily supervised two or more employees. In her deposition, Plaintiff testified that she was permitted 45 to 50 hours of associate time in addition to 40 hours for one assistant store manager. (See Jackson Dep. 18, 35.)

Plaintiff was the only store manager and was responsible, even in her absence, for overall supervision of all the employees in her store at any given time. Plaintiff ensured that, even in her absence, company policy was carried out. (Jackson Dep. 85-88.) Because Plaintiff was on call if a problem were to arise in her absence and evaluated personnel performance upon her return, the Court concludes that the supervisory requirement is satisfied.

C. **Authority to Hire or Fire**

Finally, to qualify for the executive exemption, an employee must have "the authority to hire or fire other

16

employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight." 29 C.F.R. § 541.100.

> To determine whether an employee's suggestions and recommendations are given "particular weight," factors to be considered include, but are not limited to, whether it is part of the employee's job duties to make such suggestions and recommendations; the frequency with which such suggestions and recommendations are made or requested; and the frequency with which the employee's suggestions and recommendations are relied upon. . . . An employee's suggestions and recommendations may still be deemed to have "particular weight" even if a higher level manager's recommendation has more importance and even if the employee does not have authority to make the ultimate decision as to the employee's change in status.

29 C.F.R. § 541.105.

Plaintiff concedes that she had the authority to interview and hire hourly associates. (Jackson Dep. 101-05.) She further concedes that it was her responsibility to recommend the firing of employees. (Jackson Dep. 105-111.) The fact that Plaintiff was required to obtain higher approval to terminate an employee is alone insufficient to disestablish exempt status. Cowan v. Treetop Enters., Inc., 120 F. Supp.2d 672, 690 (M.D. Tenn. 1999) (quoting Murray v. Stuckey's, Inc.,

AO 72A
(Rev. 8/82)

50 F.3d 564, 569 (8th Cir. 1995)) (punctuation omitted). Thus, the Court concludes that the authority to hire or fire requirement is satisfied.

Plaintiff was the only onsite employee ultimately responsible for the day to day operations of Store 2341. Given the undisputed facts on record, particularly the descriptions Plaintiff gave in her deposition of her job, even drawing all inferences in favor of Plaintiff, Defendant has demonstrated that no reasonable factfinder would be able to find that Plaintiff is not an exempt employee during the period of time she was store manager at Store 2341.

## CONCLUSION

The Court has read and considered the positions of all parties to this action. For the reasons set forth above, Eckerd's Motion for Summary Judgment (Doc. No. 16) is **GRANTED IN PART and DENIED IN PART**.

Defendant's motion for summary judgment as to Plaintiff's overtime compensation claim for the period of time she was employed as store manager of Store 2341 is **GRANTED**. Defendant's motion for summary judgment as to Plaintiff's

18

overtime compensation claim for the period of time she was employed as assistant manager of Store 2341 is **DENIED**.

**SO ORDERED** this 26 day of June, 2007.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)