United States District Court
for the Southern District of Georgia
Brunswick Division

FILED
U.S. DISTRICT COURT
2007 JUL 30 A 10 39

VERONICA JACKSON, : CIVIL ACTION

    Plaintiff, :

       v. :

JEAN COUTU GROUP (PJC) USA, :
INC. d/b/a ECKERD'S DRUGS,
                                      :

    Defendant.              NO. CV206-194

## O R D E R

Plaintiff, Veronica Jackson, filed this action against Defendant, Jean Coutu Group (PJC) USA, Inc. d/b/a Eckerd's Drugs, ("Eckerd"), seeking overtime pay pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq. Presently before the Court is Eckerd's motion to dismiss for failure to name the proper Defendant.

Incident to the court's inherent power to police its docket, a judge may impose formal sanctions upon dilatory litigants, ranging from simple reprimand to order dismissing action with or without prejudice. Mingo v. Sugar Cane Growers Co-op of Fla., 864 F.2d 101, 102 (11th Cir. 1989). However, because of their potent nature, inherent powers must be

AO 72A
(Rev. 8/82)

exercised with restraint and discretion. Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1176 n.4 (11th Cir.), reh'g & reh'g en banc denied, 163 Fed. Appx. 852 (2005) (quoting Byrne v. Nezhat, 261 F.3d 1075, 1106 (11th Cir. 2001)).

A district court is authorized, on defendant's motion, to dismiss an action for failure to prosecute or to obey a court order or federal rule. Fed. R. Civ. P. 41(b); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). The Eleventh Circuit has clearly stated that because dismissal is considered a drastic sanction, a district court may only implement it when: (1) a party engages in a clear pattern of delay or willful contempt; and (2) the district court specifically finds that lesser sanctions would not suffice. Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (quoting World Thrust Films, Inc. v. Int'l Family Entm't, Inc., 41 F.3d 1454, 1456 (11th Cir. 1995)).

The Court concludes that Plaintiff's conduct fails to demonstrate contumacious conduct warranting sanctions. Plaintiff has offered two documents indicating that Plaintiff's employer is Jean Coutu Group. (See Pl.'s Resp. Ex. 1 & Ex. 2.) Upon review of these documents, the Court concludes that Plaintiff's belief that Jean Coutu Group was her employer was

AO 72A
(Rev. 8/82)

reasonable and made in good faith. Accordingly, as there exists no basis for imposing sanctions on Plaintiff, Eckerd's Motion to Dismiss (Doc. No. 34) is **DENIED**.

Further, as Plaintiff has indicated that she does not oppose substitution, and it appearing to the Court that Eckerd Corporation is the proper Defendant, the Clerk is directed to amend the caption of this action to reflect the substitution of Eckerd Corporation in place of Jean Coutu Group (PJC) USA, Inc. d/b/a Ekerd's Drugs as Defendant in this action.

**SO ORDERED**, this 30 day of July, 2007.

JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)